UNITED STATES of America,
Appellee,

v.

Helen Yahara WISKY–MOTA, Vely Antonio Mota, Gerry Mojica–Hernandez,
Johan Bitini, Defendants–Appellants.

Nos. 05–1915–cr, 05–2146–cr,
05–2553–cr 05–2895–cr.

United States Court of Appeals,
Second Circuit.

May 21, 2007.

B. Alan Seidler, New York, NY, for Defendant Helen Yahara Wisky–Mota.

Dayna Ferebee, New York, NY, for Defendant Vely Antonio Mota.

David Goldstein, Goldstein & Weinstein, Bronx, NY, for Defendant Gerry Mojica–Hernandez.

Georgia J. Hinde, New York, NY, for Defendant Johan Bitini.

Seetha Ramachandran, Assistant United States Attorney for Michael J. Garcia, United States Attorney for the Southern District of New York, (Robin L. Baker, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: Hon. THOMAS J. MESKILL, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendants Helen Yahara Wisky–Mota, Vely Antonio Mota, Gerry Mojica–Hernan- dez, and Johan Bitini appeal the sentenc- ing component of judgments of conviction imposed as a consequence of their guilty pleas to charges stemming from their par- ticipation in a scheme to import and dis- tribute thousands of pills of MDMA ("Ec- stasy") in the United States. Defendant Mota's counsel has filed a motion to with- draw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on the ground that there are no non-frivolous bases for Mota's appeal. The government has filed a motion seeking dismissal of Mota's appeal or summary affirmance of his conviction and sentence.

We review sentencing decisions for "un- reasonableness," *United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), both as to procedure and substance, *see United States v. Cros- by*, 397 F.3d 103, 114–15 (2d Cir.2005). While we review issues of law *de novo*, we review issues of fact only for clear error. *See, e.g., United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir.2005). We assume the parties' familiarity with the facts and procedural background of this case, which we reference only as necessary to explain our decision.

#### 1. *Johan Bitini*

We begin with Johan Bitini, whose re- ceipt of the most severe sentence, a 240– month prison term, prompts the most chal- lenges. We conclude that his arguments are uniformly without merit.

 First, Bitini's claim that the sen- tencing court erred by basing its sentence, in part, on evidence presented at the trial of co-defendants is refuted by this court's decisions in *United States v. Granik*, 386 F.3d 404, 414 n. 7 (2d Cir.2004) (holding that sentencing court can rely on any in-

formation known to it when determining sentence), and *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir.1989) (rejecting due process challenge to sentencing court's reliance on evidence from trial at which defendant was not a party).

Second, Bitini's challenge to the district court's reliance on the "typical weight" table in U.S.S.G. § 2D1.1 is unconvincing. Even if we were to assume *arguendo* that any extrapolation of drug quantity in this case should have been made from the weight of contraband in pills actually seized, *see* U.S.S.G. § 2D1.1, cmt. n. 11, any error would be harmless in light of uncontested evidence that the seized pills had a greater-than-typical weight.

■  Third, we identify no clear error in the district court's treatment of Bitini as an "organizer or leader" pursuant to U.S.S.G. § 3B1.1(a) in light of evidence from which the court could reasonably have concluded that (a) Bitini exercised considerable decision making authority, particularly about drug movements, in the large-scale enterprise; (b) he recruited and directed various confederates, notably his girlfriend Wisky–Mota and members of her family; and (c) he claimed a right to a large share of the profits. *See* U.S.S.G. § 3B1.1, cmt. nn. 2 & 4; *see also United States v. Si Lu Tian*, 339 F.3d 143, 157 (2d Cir.2003); *United States v. Zichettello*, 208 F.3d 72, 107 (2d Cir.2000).

Fourth, Bitini's attempt to demonstrate unwarranted sentencing disparity, *see* 18 U.S.C. § 3553(a)(6), by comparing himself to confederates who received lesser sentences necessarily fails in light of record differences in the roles and plea agreements of Bitini and the purported comparators. *See generally United States v. Florez*, 447 F.3d 145, 158 (2d Cir.2006).

Finally, although Bitini asserts that his sentence violates the parsimony clause of 18 U.S.C. § 3553(a), under the "deferential" standard of review that we apply to sentencing challenges, *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005), that conclusory assertion is insufficient to demonstrate that the Guidelines sentence imposed in this case is unreasonable, *see United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006); *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005).

### 2. *Helen Yahara Wisky–Mota*

■  Wisky–Mota challenges her 63-month term of incarceration on the grounds that the district court (a) erroneously viewed the Sentencing Guidelines as mandatory and (b) failed to consider the range of sentencing factors identified in § 3553(a). She urges us to infer these errors from the district court's sentencing statement that "I think it is important to follow the guidelines and I intend to follow them." Wisky–Mota Sentencing Tr. at 9. We are not convinced. This court has itself recognized the particular importance of the Guidelines to sentencing determinations even after they were rendered non-mandatory by *United States v. Booker*, 543 U.S. at 261, 125 S.Ct. 738. As we observed in *United States v. Rattoballi*, the guidelines are not "just 'another factor' in the statutory list, 18 U.S.C. § 3553(a), because they are the only integration of the multiple factors," 452 F.3d 127, 133 (2d Cir.2006) (citation omitted). For precisely this reason, we have concluded that "[a] sentencing judge's decision to place special weight on the recommended guideline range will often be appropriate." *United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir.2007). The district court's decision to afford the Guidelines special weight in this case does not indicate that it impermissibly

gave them controlling weight. Indeed, that suggestion is undercut by both the formal judgment against Wisky–Mota, which on its face references the advisory nature of the Guidelines, and by the court's own statement to that effect a few weeks later at the sentencing of co-defendant Mojica–Hernandez.

Because there is nothing else in the record to suggest that the district court failed to consider the totality of § 3553(a) factors in determining the sentence, *see United States v. Fernandez*, 443 F.3d at 30, 33 (recognizing "strong presumption" that sentencing court considered § 3553(a) factors "in the absence of record evidence suggesting otherwise"), we reject Wisky–Mota's sentencing challenge as without merit.

### 3. *Gerry Mojica–Hernandez*

Bitini's son, Gerry Mojica–Hernandez, similarly complains that his 70–month sentence is a result of the district court's erroneous mandatory application of the Guidelines. There is no merit to this claim because, at the time of sentencing, the district court explicitly acknowledged that "the guidelines are advisory." Mojica–Hernandez Sentencing Tr. at 6. To the extent Mojica–Hernandez questions the weight accorded the Guidelines by the district court, his argument necessarily fails in light of our decisions in *United States v.*

*Rattoballi*, 452 F.3d at 133, and *United States v. Capanelli*, 479 F.3d at 165.[1]

### 4. *Vely Antonio Mota*

Although Vely Antonio Mota, who was sentenced to 120 months' incarceration, filed a notice of appeal, his counsel has submitted a brief pursuant to *Anders v. California*, 386 U.S. at 738, 87 S.Ct. 1396 stating that there are no non-frivolous bases upon which to challenge Mota's plea or sentence. Upon review of the record, we agree. Accordingly, we grant counsel's motion to withdraw and the government's motion for summary affirmance.

The district court's judgment of convictions as to defendants Bitini, Mojica–Hernandez, and Wisky–Mota are hereby AFFIRMED; the motion of Mota's counsel to withdraw is GRANTED; and the government's motion for summary affirmance of Mota's conviction and sentence is GRANTED.

---

1. To the extent Mojica–Hernandez faults the district court for imposing a guidelines sentence notwithstanding the additional imprisonment and hardship he would face under immigration law, counsel withdrew this claim at oral argument in light of our decision in *United States v. Wills*, 476 F.3d 103 (2d Cir. 2007). Accordingly, we do not address it.